FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2015 SEP 24  PM 4: 52

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHAEL A. COLLINS

    Plaintiff,

    V.

DIVERSIFIED CONSULTANTS INC., MEDICREDIT
INC., TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC, and EQUIFAX
INFORMATION SERVICES LLC, individually

    Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)

'15 -CV-02115

Civil Action No.

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

### I.   Preliminary Statement

1. This is an action for damages brought by an individual consumer, against Defendants Diversified Consultants Inc., MediCredit Inc., Trans Union, LLC, Experian Information Services, LLC, and Equifax Information Services LLC, separately and individually for violations of the Fair Debt Collection Practices Act "FDCPA" 15 U.S.C. §§ 1692 *et seq*; the Fair Credit Reporting Act "FCRA", 15 U.S.C. §§ 1681, *et seq*; the Colorado Consumer Protection Act "CCPA" C.R.S. § 6-1-101 *et seq* and Negligence. Plaintiff also seeks economic and non-economic damages and losses against each Defendant, separately and individually for their separate and individual conduct.

### II.  Jurisdiction & Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. The Parties

4. Plaintiff, Michael A. Collins ["Plaintiff" or "Collins"] is a natural person who is a resident of the State of Colorado. Collins is a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c) as well as within the meaning of the FDCPA 15 U.S.C. § 1692a(3).

5. Defendant Diversified Consultants Inc, ["Defendant" or "Diversified"] is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of collecting or attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Its principal place of business is 10550 Deerwood Park Blvd, Suite 309, Jacksonville, FL 32256, and it is incorporated in Florida. Diversified is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a furnisher of information to the CRA Defendants as defined by 15 U.S.C.A. § 1681a(d)(1); and *Johnson v. MBNA America Bank, NA* 357 F.3d 426, 430 n. 1 (App. 4th Cir. 2004).

6. Defendant MediCredit Inc., ["Defendant" or "MediCredit"]is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of collecting or attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Its principal place of business is 3620 I-70 Dr. SE, Suite C, Columbia, MO 65201, and it is incorporated in Missouri. MediCredit is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a furnisher of information to the CRA Defendants as defined by 15 U.S.C.A. § 1681a(d)(1); and *Johnson v. MBNA America Bank, NA* 357 F.3d 426, 430 n. 1 (App. 4th Cir. 2004).

7. Defendant Trans Union, LLC, ["CRA Defendant" or "Defendant" or "Trans Union"] is a foreign corporation who is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union does business in this Judicial District. Its principal place of business is 555 W Adams St, Chicago, IL 60661, and it is incorporated in Delaware. Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

8. Defendant Experian Information Solutions, Inc., ["CRA Defendant" or "Defendant" or "Experian"] is a foreign corporation which is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian does business in this Judicial District. Its principal place of business is 475 Anton Boulevard, Costa Mesa, CA 92626, and it is incorporated in Ohio. Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Defendant Equifax Information Services, LLC, ["CRA Defendants" or "Defendant" or "Equifax"] is a foreign corporation which is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax does business in this Judicial District. Its principal place of business is 1550 Peachtree St NW, Atlanta, GA 30309, and it is incorporated in Georgia.

Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## IV. Factual Allegations

10. The CRA Defendants have been reporting erroneous, false, misleading, derogatory and inaccurate statements and information (hereafter "inaccurate information") relating to Collins and Collins's credit history to third parties from at least January 2015 through the present.

11. The inaccurate information includes, but is not limited to, alleged accounts with Diversified and MediCredit and other personal information.

12. The inaccurate information negatively reflects upon Collins, Collins's credit repayment history, Collins's financial responsibility as a debtor and Collins's credit worthiness. The inaccurate information includes, but is not limited to: reporting debts that are not owed in an attempt to collect an alleged debt for another; and re-reporting previously deleted inaccurate account information without permanently blocking such information from reappearing in Collins's credit file and from being reported in any subsequent credit report.

13. Collins disputed the inaccurate information with the CRA Defendants on or about March 28, 2015; April 23, 2015; August 13, 2015.

14. The inaccurate information negatively reflects upon Collins, Collins's credit repayment history, Collins's financial responsibility as a debtor and Collins's credit worthiness.

15. The CRA Defendants have been reporting the inaccurate information through the issuance of false and misleading credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least March 2015 through the present.

16. Collins has disputed the inaccurate information with the CRA Defendants by following their established procedures for disputing consumer credit information.

17. The CRA Defendants knew or should have known that third party creditors use credit scores in order to process a given credit application and many third party creditors require a high above average credit score, in order to get a good low interest rate.

18. The CRA Defendants knew or should have known that consumers without collection accounts on their credit reports are unable to secure any credit from most, if not all lenders or credit furnishers. The CRA Defendants profit from the sale of consumer reports.

19.   Notwithstanding Collins' efforts, the CRA Defendants sent Collins correspondence indicating their intent to continue publishing the inaccurate information and the CRA Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.   The CRA Defendants have repeatedly published and disseminated consumer reports to such third parties from at least January 13, 2015, through the present.

### A.   Diversified Consultants Inc.

20.   Collins is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Diversified.

21.   Collins' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Diversified, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Collins incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Diversified.

22.   Diversified uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23.   On August 3, 2015, Collins applied for a loan with US Bank and was denied credit because of a collection account that was being reported by Diversified Consultants Inc. ("Diversified"), a debt collector on behalf of Comcast.

24.   On January 14, 2015, Collins received a phone call from Diversified concerning an alleged debt owed to Comcast.  Collins told the debt collector that he did not owe Comcast any money and to send him notice so that he could address the issue in writing.  Collins also informed the collector that if Diversified reported the alleged debt to any credit reporting agency Collins would sue Diversified for reporting false, misleading and inaccurate information ("inaccurate information").

25.   Diversified did not send Collins written notice within the time required under the Fair Debt Collection Practices Act.  Instead of sending Collins notice, Diversified choose to report the alleged debt to the CRA Defendants without given Collins an opportunity to dispute the alleged debt in written as the Act provides.

26.   The alleged debt stems from an account I had with Comcast.  On September 11, 2013, Collins entered into an agreement with Comcast for Comcast to provide Collins with Cable TV, Internet and Telephone services.  After a while Collins became dissatisfied with Comcast because he believed Comcast was overpriced for the services they offered.  Anyway the initial cost for cable, internet and telephone was $99.00, but after taxes, fees, and other charges were added Collins' bill ended up being $149.00 fifty dollars over the initial cost.

27.  When Collins received service with Comcast they billed him for two months in advance, which Collins paid.  Unfortunately, Collins was late in making his payment, so Comcast temporaly disconnected service and sent a representative out to either collect the late payment or to take possession of its equipment on or about November 16, 2014.  The representative said that the bill was for around $400.00, but if Collins were to cancel his service with Comcast he would only owe Comcast around $200.00 dollars or if Collins paid around $200.00 dollars Comcast would restore service, which Collins believed would be for 30 days. Collins was going to pay the 200.00 dollars and cancel the service, because as he said he was displeased with Comcast's service and the cost of their service.

28.  At the time Collins lived with his sister Mary Collins, so he explained the situation to her and on November 21, 2014, Ms. Collins paid Comcast $220.00.  Comcast restored service, but disconnected it again about a week and a half later, which infuriated Collins.  Comcast behaver was in bad faith, because Comcast deceived Collins into continuing service with them when he could have paid them the $200.00 and been done with it.  Comcast induced Collins into paying them $200.00 and keeping their service, if Collins had known that Comcast was going to disconnect its service again after a week and half Collins would have paid them $200.00 dollars and been done with it.

29.  Anyway, on January 14, 2015, Collins received a phone call from Diversified concerning the alleged debt that is owed to Comcast.  Collins told the debt collector that he did not owe Comcast any money and to send him notice so that he could address the issue in writing.  Collins also informed the collector that if Diversified reported the alleged debt to any credit reporting agency Collins would sue Diversified for reporting false, misleading and inaccurate information ("inaccurate information").

30.  Diversified did not send Collins written notice within the time required under the Fair Debt Collection Practices Act.  Instead of sending Collins notice, Diversified choose to report the alleged debt to the CRA Defendants without given Collins an opportunity to dispute the alleged debt in written as the Act provides, as such the alleged debt was never validated

31.  In connection with the collection of the alleged debt, Diversified, without notice reported to the CRA Defendants that Collins owed $410.00 to Comcast.  Diversified misleadingly represented that Collins owed Comcast $410.00 when he did not.  Diversified falsely, deceptively, and misleadingly represented the character, amount, or legal status of the alleged debt.

## B.  MediCredit Inc.

32.  Collins is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than MediCredit.

33.  Collins's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MediCredit, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or

household purposes and Collins incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than MediCredit.

34. MediCredit uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

35. On August 3, 2015, Collins applied for a loan with US Bank and was denied credit because of a collection account that was being reported by MediCredit Inc. ("MediCredit"), a debt collector.

36. Collins has no idea who MediCredit is or who their trying to collect a debt for. All Collins knows is that when he applied for a loan with US Bank, MediCredit was reporting a collection account for $130.00.

37. MediCredit did not send Collins written notice within the time required under the Fair Debt Collection Practices Act. Instead of sending Collins notice, MediCredit choose to report the alleged debt to the CRA Defendants without given Collins an opportunity to dispute the alleged debt in written as the Act provides, as such the alleged debt was never validated

38. In connection with an attempt to collect the alleged debt, MediCredit did not send Collins the initial written communication as required by the FDCPA informing Collins that it was attempting to collect a debt.

39. MediCredit used false, deceptive, and misleading representations or means in connection with the collection of the alleged debt. Moreover, MediCredit did not communicate to the CRA Defendants that the debt is disputed.

40. MediCredit's actions constitute conduct highly offensive to a reasonable person, and as a result of Diversified's violations of the FDCPA, MediCredit is liable to Collins for Collins's actual damages, statutory damages, and costs and attorney's fees.

41. MediCredit's conduct in harassing Collins by furnishing inaccurate information to the CRA Defendants in an effort to collect an alleged debt that Collins does not owe is a violation of numerous and multiple provisions of the FCRA as Collins will explain below, as well as the FDCPA, which includes but is not limited to violations of 15 U.S.C. §§ 1692e(2)(A) and (b); 1692e(8); 1692e(10); 1692e(11); 1692g(a) and (b), and among other violations.

42. MediCredit continues to report inaccurate information, as it has not updated the select information that it compiles and sells about Collins, and it instead continues to inaccurately and misleadingly report and verify the alleged debt on Collins's personal credit reports to the CRA Defendants and other third parties.

43. Further, MediCredit, as the original source of the information, was advised of Collins's disputes through the CRA Defendants. Despite the dispute, MediCredit failed to perform a reasonable investigation and delete the inaccurate information within 30 days as required by the FCRA. To the contrary, both MediCredit and the CRA Defendants verified as purportedly accurate the collection account and left it on Collins's credit report.

44. Notwithstanding Collins's efforts, the CRA Defendants have sent Collins correspondence indicating their intent to continue publishing the inaccurate information and the CRA Defendants continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. The CRA Defendants have repeatedly published and disseminated consumer reports to such third parties from at least January 2015 through the present.

45. The inaccurate information negatively reflects upon Collins, Collins's credit repayment history, and Collins's creditworthiness.

46. Moreover, Diversified and MediCredit have also breached its various and multiple agreements and contracts with the CRA Defendants [and/or their affiliates] [collectively "CRA Defendants"], to whom it subscribed, by continuously reporting false information about Collins.

47. The CRA Defendants, Diversified and MediCredit have been reporting the inaccurate information through the issuance of false, misleading and inaccurate credit information and consumer reports that they have disseminated and resold to various persons, both known and unknown.

48. Despite Collins's efforts, the CRA Defendants, Diversified and MediCredit have never: (1) contacted Collins to follow up on, verify and/or elicit more specific information about Collins's disputes; (2) contacted all third parties that would have relevant information concerning Collins's disputes; (3) forwarded any relevant information concerning Collins's disputes to the entities who originally furnished the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

49. Despite Collins's exhaustive efforts to date, the CRA Defendants, Diversified and MediCredit have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate information and permanently remove the inaccurate information from Collins's credit file and report.

50. Despite Collins's exhaustive efforts to date, the CRA Defendants, Diversified and MediCredit have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Collins.

51. Collins has applied for and has been denied loans and extensions of consumer credit, and Collins has been informed that the basis for these denials was the inaccurate information that appears on his credit reports and that the inaccurate information was a substantial factor for those denials. In the alternative Collins has reframed from apply for credit because he knew that he would be denied credit from past and current experiences, where he has been informed that the basis for these denials was the inaccurate information that appears in his credit reports and that the inaccurate information would be a substantial factor for denial.

52. Collins's credit reports and file have been obtained from the CRA Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Collins from receiving credit, credit offers and opportunities, known and unknown. Collins's credit reports have been obtained from the CRA Defendants by such third parties from at least January 2015 through the present.

53. The CRA Defendants, Diversified and MediCredit conduct was willful or wantonly negligent purposefully and recklessly committed, which conduct subjected Collins to an unreasonable risk of injury, placing him in the "zone of danger." The CRA Defendants, did not follow reasonable procedures to assure maximum possible accuracy of the information when they prepared and furnished to a user of such consumer reports concerning Collins the individual about whom the report relates. The CRA Defendants, knew or should have known that the information they were publishing was in fact inaccurate but chose to publish it anyway causing Collins harm. Diversified and MediCredit knew or should have known that the information they were furnishing was in fact inaccurate but chose to furnish it anyway causing Collins harm.

54. The CRA Defendants, Diversified and MediCredit willfully and/or negligently failed to comply with the requirements of the Act and that, as a result, Collins suffered injury to a legally protected interest.

55. As a result of the CRA Defendants, Diversified and MediCredit's conduct, Collins has suffered actual damages in the form of economic damages and losses, lost economic opportunity, loss of incidental time, loss of use, loss of life enjoyment, impairment of quality of life, denial of credit, lost opportunity to receive credit, damage to his reputation, worry, fear, emotional distress, mental anguish, fear of personal and financial safety and security, anger, humiliation, embarrassment, inconvenience, anxiety, and frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy without justification. Collins will continue to suffer the same for an indefinite time in the future, all to Collins' great detriment and loss. Collins' ability to earn a living has also been affected.

56. As a result of the CRA Defendants', Diversified and MediCredit's conduct, Collins has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, lost credit opportunities of employment by purchasing and developing real estate whether to fix and flip residential and/or commercial properties or

otherwise, purchase vehicles for himself and granddaughters, design and build his own house and purchase the goods necessary to sustain the enjoyment and quality of life, among other loses.

57.   As a result of the CRA Defendants', Diversified and MediCredit conduct, Collins has also suffered actual damages in the form of injury to credit rating and reputation, and a decreased credit score, and Collins will continue to suffer the same for an indefinite time in the future, all to Collins' great detriment and loss.

58.   At all times pertinent hereto, the CRA Defendants', Diversified and MediCredit were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

59.   At all times pertinent hereto, the conduct of the CRA Defendants', Diversified and MediCredit, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of others mainly Collins.

60.   The conduct of the CRA Defendants', Diversified and MediCredit was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Collins that are outlined more fully above and, as a result, the CRA Defendants', Diversified and MediCredit are liable to Collins for the full amount of statutory, actual, compensatory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein and as outlined above including, but not limited to out-of-pocket expenses, costs, time of repairing his credit, prejudgment and post-judgment interest until paid, along with attorney fees and costs of litigation, as well as such further relief, as may be permitted by federal and/or state law.

**First Claim for Relief - Violations of the FCRA Trans Union, Experian and Equifax Separately and Individually**

61.   Collins incorporates the allegations set forth in paragraph 1 through 60 above as if said allegations were set forth herein in their entirety.

62.   At all times pertinent hereto, the CRA Defendants "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a (b) and (f).

63.   At all times pertinent hereto, Collins was a "consumer" as that term is defined by 15 U.S.C. § 1681a (c).

64.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a (d).

65. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, the CRA Defendants are separately and individually liable to Collins for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Collins, in violation of 15 U.S.C. § 1681i(a)(1);

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Collins's dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a)(2);

(c) willfully and negligently failing to review and consider all relevant information submitted by Collins concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4);

(d) willfully and/or negligently failing to delete incomplete or inaccurate information or information that cannot be verified in Collins's credit file after conducting a reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5)(A);

(e) willfully and/or negligently reinserting previously deleted information into Collins' credit file without first obtaining certification from the furnisher that the information is complete and accurate, in violation of 15 U.S.C. § 1681i(a)(5)(B)(i);

(f) willfully and/or negligently failing to notify Collins in writing within 5 days of the reinsertion of previous deleted information, in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii); (g) willfully and/or negligently failing to notify Collins in writing within 5 days of the reinsertion of previous deleted information (1) a statement that the information has been reinserted; (2) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information; and (3) a notice that Collins has the right to add a statement to Collins' file disputing the accuracy or completeness of the disputed information, in violation of 15 U.S.C. § 1681i(a)(5)(B)(iii);

(h) willfully and negligently failing to employ and maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph, in violation of 15 U.S.C. § 1681e(a)(5)(C);

(i) willfully and negligently failing to provide written notice within 5 business days of the results of a reinvestigation after the completion of such reinvestigation, in violation of 15 U.S.C. § 1681e(a)(6);

(j) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Collins's credit report, information and file, in violation of 15 U.S.C. § 1681e(b);

(k) willfully and negligently failing to properly and timely delete the inaccurate information from Collins's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(l) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified; and

(m) willfully and negligently failing to clearly and accurately disclose to Collins all information in Collins's credit file at the time of Collins's request for the same, in violation of 15 U.S.C. § 1681g(a).

66.   The conduct of the CRA Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Collins that are outlined more fully above and, as a result, the CRA Defendants are liable to Collins for the full amount of statutory, actual and punitive damages, along with attorney fees and costs of litigation, as well as such further relief, as may be permitted by law.

**Second Claim for Relief - Violations of the FCRA Diversified and MediCredit Separately and Individually**

67.   Collins incorporates the allegations set forth in paragraph 1 through 66 above as if said allegations were set forth herein in their entirety.

(a) At all times pertinent hereto, Diversified and MediCredit was a "person" and a "furnisher" of information as that term is defined by 15 U.S.C.A. § 1681a(d)(1); and *Johnson v. MBNA America Bank, NA* 357 F.3d 426, 430 n. 1 (App. 4th Cir. 2004).

(b) At all times pertinent hereto, Collins was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

(c) At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a (d).

68.   Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Diversified and MediCredit is liable to Collins for willfully and negligently failing to comply with the requirements of 15 U.S.C. § 1681i; and 15 U.S.C. § 1681s-2(b).

69.   The conduct of Diversified and MediCredit was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Collins that are outlined more fully above and, as a result, Diversified and MediCredit is separately and

individually liable to Collins for the full amount of statutory, actual and punitive damages, along with attorney fees and costs of litigation, as well as such further relief, as may be permitted by law.

### Third Claim for Relief - Negligence Diversified and MediCredit Separately and Individually

70.   Collins incorporates the allegations set forth in paragraph 1 through 69 above as if said allegations were set forth herein in their entirety.

71.   Collins brings this claim against Diversified and MediCredit as an action for damages for the tort of Negligence separately and individually for their individual conduct.

72.   Diversified and MediCredit owed Collins duty of reasonable care Diversified and MediCredit failed to exercise reasonable care and prudence in each reporting and re-reporting, the handling and reinvestigation of data about Collins, all made the subject of this lawsuit, and which consequently caused Collins damaged.

73.   Diversified and MediCredit are negligent in their debt collection efforts by employing unfair or unconscionable means in order to collect or attempt to collect a debt.  The negligent debt collection practices employed by Diversified and MediCredit are unconscionable and where meant to harass and intimidate Collins or third parties.

74.   Diversified and MediCredit's actions and/or omission, as described above, constitute gross and reckless negligence.

75.   Collins has suffered injury in fact to a legally protected interest.  Diversified and MediCredit's actions and/or omission, as described above constitute violation of that legally protected interest.

76.   As a direct and proximate result of Diversified and MediCredit's gross and reckless negligence,
Collins has suffered, and will continue to suffer actual damages in the way of worry, fear, distress, frustration, embarrassment, humiliation and damage to his reputation all to his damages in an amount to be determined at trial.

77.   As a proximate result of the willful and malicious conduct of Diversified and MediCredit as described in this Complaint, Collins has suffered, and continues to suffer, irreparable harm and actual damages and losses for which he is entitled to recover in amounts to be determined at trial.

78.   As a result of the willful and malicious conduct of Diversified and MediCredit's described in this Complaint, Collins has sustained and will continue to sustain substantial

damages which are impossible to quantify, and he will suffer irreparable injury that can only be prevented by injunctive relief.

**Forth Claim for Relief-Violation of Colorado Consumer Protection Act Diversified, MediCredit, Trans Union, Experian and Equifax Separately and Individually**

79.   Collins incorporates the allegations set forth in paragraph 1 through 78 above as if said allegations were set forth herein in their entirety.

80.   Collins brings this claim against Diversified, MediCredit, Trans Union, Experian and Equifax ("Defendants") separately and individually, as an action for damages for engaging in deceptive and unfair trade practices prohibited by C.R.S. §6-1-101 et seq.

81.   The state of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

82.   Through the above-described conduct, the Defendants engaged in deceptive and unfair trade practices that are prohibited by C.R.S. §6-1-105, when the Defendants: knowingly made false representation as to the source, sponsorship, approval, certification of goods, services or property; knowingly made false representations as to the source, sponsorship, approval, or certification of a debt; knowingly made false representations as to affiliation, connection, association with certification by Collins; and failed to disclose material information concerning its reporting of false, misleading and inaccurate information to third parties and the Defendants as alleged in this Complaint, which information was known at the time the Defendants reported the inaccurate information, intending to induce Collins and third parties or persons to enter into a transaction regarding their credit reporting policies and by other deceptive trade practices, or unfair trade practices, to be revealed in discovery.

83.   The deceptive trade practices or unfair trade practices, as described in this Complaint occurred and is occurring in the course of the Defendants' business, vocation or occupation.

84.   The deceptive trade practices, or unfair trade practices, of the Defendants, as described in this Complaint, significantly impact the public as actual or potential consumers of the goods, services, or property being sold by the Defendants.

85.   The Defendants engaged and continue to engage in deceptive and/or unfair trade practices in bad faith as defined in C.R.S. §6-1-113(2.3), in that the Defendants conduct was fraudulent, willful, knowingly, and intentional conduct that caused injury.

86.   In addition, pursuant to C.R.S. §6-1-113, Collins is entitled to trebled damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

87.   The Defendants' violations of C.R.S. § 6-1-105, require the principles of justice and equity to enjoin them from engaging in the above described conduct, and unless enjoined by this

Court, the Defendants will continue to cause Collins to sustain irreparable damage, loss and injury, for which Collins has no plain, speedy and adequate remedy at law.

88.  As a proximate result of the willful and malicious conduct of the Defendants as described in this Complaint, Collins has suffered, and continues to suffer, irreparable harm, actual damages and losses for which he is entitled to recover in amounts to be proved at trial.

89.  As a result of the willful and malicious conduct of the Defendants described in this Complaint, Collins has sustained and will continue to sustain substantial damages which are impossible to quantify, and it will suffer irreparable injury that can only be prevented by injunctive relief.

90. Equity and the principles of justice require that the Defendants be enjoined from engaging in the conduct described above.

91.  Collins has no plain, speedy and adequate remedy at law.

**VI. Jury Trial Demand**

92.  Collins demands trial by jury on all issues so triable.

**VII. Prayer for Relief**

**WHEREFORE**, Plaintiff Michael A. Collins prays for judgment in his favor and against Diversified, MediCredit, Trans Union, Experian and Equifax, separately and individually for their separate and individual conduct, based on the following requested relief:

> A.  Credit scores placed in the position they would have been if not for the above conduct;

> B.  All actual, compensatory, consequential, special, and equitable damages in an amount to be determined at trial;

> C.  Non-economic damages in an amount to be determined at trial;

> D.  Statutory damages as provided at state or federal law

> E.  Treble of the damage award as allowed by law;

> F.  Prejudgment and post-judgment interest on any award of damages at the highest rate to the extent permitted by law;

> G.  Costs of this action;

H.  Taxes on any damages awarded to the extent permitted by law

I.  Reasonable attorney fees; and

J.  Such other and further relief as this court may deem appropriate.

**FURTHER**, Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

Dated this 24th day of September, 2015

Respectfully submitted,

By: _____

Michael A. Collins, pro se
P.O. Box 460276
Aurora, CO 80046-0276
720.532.3729
E-Mail: macollins@q.com

## VERIFICATION

I Michael A. Collins, declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 24th day of September, 2015

_____

Michael A. Collins