**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02115-RBJ-NYW

MICHAEL A COLLINS,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS INC.,
MEDICREDIT, INC.,
TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, INC.,

    Defendants.

## ORDER ON MOTION TO AMEND COMPLAINT

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion and Memorandum of Points and Authorities for Leave to File an Amended Complaint ("Motion to Amend"). [#24, filed Dec. 9, 2015]. Pursuant to the Order Assigning Case dated September 25, 2015 [#7], the Order Referring Case [#9], and the Memorandum dated December 10, 2015 [#25], this matter was referred to the undersigned Magistrate Judge. The court has carefully reviewed the Motion to Amend and the applicable case law.

Plaintiff Michael Collins ("Plaintiff" or "Mr. Collins") initiated this action on September 24, 2015. [#1]. Mr. Collins' Complaint alleges claims of violation of the Fair Credit Reporting Act, the Colorado Consumer Protection Act, and negligence against Defendants Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services, Inc., Diversified

Consultants, Inc., and Medicredit, Inc. (collectively, "Defendants"). [#1]. The Complaint seeks relief including that Mr. Collins' credit scores be placed in the position they would have been if not for the conduct alleged in the complaint, unspecified damages, pre- and post-judgment interest, costs, taxes, and attorneys' fees. [#1 at 14-15]. The five Defendants filed Answers to the Complaint between October 19, 2015 and October 23, 2015. [#12; #14; #16; #17; #19]. The court has not yet held a scheduling conference or entered a scheduling order in this case. Mr. Collins filed the Motion to Amend on December 10, 2015. [#10].

Because the court has not entered a scheduling order, it considers the Motion to Amend under the standard set out in Fed. R. Civ. P. 15(a). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Refusing leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc*, 175 F.3d 848, 859 (10th Cir. 1999).

Mr. Collins seeks to amend the Complaint to add Stellar Recovery, Inc. ("Stellar") as a Defendant and to add a claim that Stellar and Defendants Diversified and Medicredit violated the Fair Debt Collection Practices Act. *See* [#24 at 7; #24-1 at 6-7, 13-14]. Mr. Collins represents that Stellar Recovery, Inc. furnishes information to Defendants Trans Union, LLC, Experian

Information Solutions, Inc., and Equifax Information Services, LLC (the "CRA Defendants") and is an appropriate party for joinder in this action because there are common questions of law and/or fact that will arise between it and the other Defendants. [*Id.*].

Mr. Collins represents that he conferred with Defendants Experian Information Solutions, Inc. and Diversified Consultants, Inc., and they do not oppose the Motion to Amend. [#24 at 2]. He also states that although he attempted to confer with Defendants Trans Union, LLC, Equifax Information Services, Inc., and Medicredit, Inc., they were unable to provide him with their positions on the Motion to Amend prior to filing. [*Id.*]. None of the non-consenting Defendants filed an opposition within the 21 days allowed under D.C.COLO.LCivR 7.1(d).

Based on the record before it, the court finds that the proposed amendment is sought in good faith and would not cause substantial prejudice or undue delay.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend [#24] is **GRANTED**;

(2) Plaintiff is directed to file a clean version of the Amended Verified Complaint [#24-1], with no changes other than to remove "[Proposed]" and the underlining and interlineations no later than **January 15, 2016**;

(3) Mr. Collins shall serve the Amended Verified Complaint on Stellar Recovery, Inc. by **January 29, 2016**; and

(4) A Scheduling Conference is set for **February 26, 2016 at 10:30 a.m.**, in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The parties or their counsel shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.6.0, including a copy of the proposed scheduling order in a Word format sent via email to Wang_Chambers@cod.uscourts.gov, on or before **seven days prior** to the Scheduling Conference.

DATED: January 12, 2016                    BY THE COURT:

                                                      s/Nina Y. Wang_____
                                                     United States Magistrate Judge